IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BABATUNDE OWOSENI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 03-0343-MJR |
| ) | |
| CITY OF BELLEVILLE, ) | |
| THE CITY OF BELLEVILLE BOARD ) | |
| OF FIRE AND POLICE ) | |
| COMMISSIONERS, ) | |
| THE CITY OF BELLEVILLE ) | |
| POLICE DEPARTMENT, and ) | |
| MAYOR MARK A. KERN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**REAGAN, District Judge:**

Plaintiff Babatunde Owosensi filed a two-count *pro se* complaint against Defendants City of Belleville, the City of Belleville Board of Fire and Police Commissioners, the City of Belleville Police Department, and Mayor Mark A. Kern, alleging they violated the Fair Credit Reporting Act (FCRA), **15 U.S.C. 1681,** *et seq.*, when Defendants allegedly relied on a credit history report in deciding not to offer Owoseni employment as a probationary patrol officer with the City of Belleville, and did not disclose to Owoseni the consumer-reporting agency Defendants used to obtain his credit history and that he had a right to obtain a free copy of his credit report. Count One alleged all Defendants willfully violated the FCRA, while Count Two alleged all Defendants negligently violated the FCRA.

Defendants moved for summary judgment and the Court granted Defendants' motion

for summary judgment and dismissed with prejudice all claims in their entirety against all Defendants (Doc. 55). Accordingly, judgment was entered in Defendants' favor and against Owoseni. (Doc. 56).

Now before the Court is Owoseni's "Motion to Reconsider Summary Judgment" (Doc. 57). Defendants responded in opposition at Doc. 58, which Owoseni replied to at Doc. 59. This matter being fully briefed, for the foregoing reasons, the Court denies Owoseni's motion.

While Owoseni does not cite to any basis for his motion to reconsider (that is, until his reply to Defendants' response), the only possible basis for Owoseni's motion for reconsideration is either **FEDERAL RULE OF CIVIL PROCEDURE 59** or **60**. However, pursuant to Rule 59(e), a Rule 59 motion must be brought within ten days of the entry of judgment, and Owoseni's motion was not. Therefore, the motion is a Rule 60 motion.

Rule 60(b) permits a court to relieve a party from a final judgment, order, or proceedings for the following reasons:

> ... (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment....

Granting relief under Rule 60(b) is an "extraordinary remedy and is granted only in exceptional circumstances." *Harold Wash. Party v. Cook County, Ill. Democratic Party*, **984 F.2d 875, 879 (7th Cir. 1993).** The Court finds that such exceptional circumstances are not present in the case at bar.

Owoseni contends in his reply to Defendants' response to his motion to reconsider, that he is entitled to relief under subsections (1), (3) and (6) of Rule 60(b). However, nowhere in either his motion or in his reply brief, does Owoseni put forward any reason justifying relief from this Court's order granting summary judgment in favor of Defendants under any of Rule 60(b)'s subsections. Owoseni cites to no mistake, inadvertence, surprise, or excusable neglect so as to warrant granting his motion under Rule 60(b)(1). He also does cite to any fraud, misrepresentation, or other misconduct of an adverse party to warrant granting his motion under Rule 60(b)(3). And, finally, he does not cite to any other reason justifying relief from the operation of the judgment under Rule 60(b)(6). The Seventh Circuit has consistently held that to obtain relief under Rule 60(b)(6), a party must make a showing of extraordinary circumstances that would justify such relief. *See, e.g., Lowe v. McGraw-Hill Companies, Inc.*, **361 F.3d 335, 342 (7th Cir. 2004) ("[Because] the first five subsections [of Rule 60(b)] ... cover the waterfront[,] [t]he only work left for [subsection] (6) to do is to allow judgments to be set aside, without limitation of time, when the circumstances of its invocation are 'extraordinary.'").** Owoseni does not demonstrate any extraordinary circumstances. Owoseni appears simply to disagree with this Court's decision and to desire to reargue the matter. That is not an appropriate basis for a Rule 60(b) motion. *See Russell v. Delco Remy Div. Of Gen. Motors Corp.*, **51 F.3d 746, 749 (7th Cir. 1995)(stating that a Rule 60(b) motion "is not an appropriate vehicle for addressing simple legal error; otherwise, a party could circumvent the ordinary time limitation for filing a notice of appeal.").**

Because this Court gave full consideration to each of Owoseni's arguments and Defendants' arguments at the summary judgment stage, and nothing in Owoseni's motion convinces the Court that it erred in granting Defendants summary judgment on both of Owoseni's claims, the

Court hereby **DENIES** Owoseni's Rule 60(b) motion (Doc. 57).

Also before the Court is Owoseni's "Late Notice of Appeal" (Doc. 60). Therein, Owoseni requests that in the event his motion to reconsider is denied, he asks that the Court grant his late notice of appeal. In his late notice of appeal, Owoseni states that when he filed his motion for reconsideration, he submitted the wrong caption to the Court as it did not alternatively plead "Notice of Appeal".[1] The Court notes that Owoseni does not cite to any rule or caselaw in support of his late notice of appeal. Defendants objected to Owoseni's late notice of appeal at Doc. 61, to which Owoseni replied at Doc. 62.

**FEDERAL RULE OF APPELLATE PROCEDURE 4(a)(1)(A)** provides that a notice of appeal must be filed with the district clerk within 30 days after judgement has been entered. In the case at bar, judgment was entered on September 28, 2004. Therefore, Owoseni had until October 28, 2004 to file a notice of appeal, which he did not do.

The only other avenue for Owoseni's request for a late notice of appeal is under Rule 4(a)(5)(A). Rule 4(a)(5)(A)(i) and (ii) provides that a district court may extend the time to file a notice of appeal if (1) a party so moves no later than 30 days after the time prescribed by Rule 4(a) expires, and (2) the party shows excusable neglect or good cause. Defendants object because Owoseni's late notice of appeal is not a motion for extension of time. Owoseni replies that the Court should construe his late notice of appeal as a motion for extension of time. However, the Court is unable to do so.

The United States Court of Appeals for the Seventh Circuit has clearly held that a

---

[1] The Court notes that it finds it curious that Owoseni does not state anywhere within the motion for reconsideration itself, that Owoseni is in the alternative filing a notice of appeal. From reading the motion for reconsideration, one would have no idea Owoseni was going to, or meant to, file a notice of appeal.

"late notice of appeal which fails to allege excusable neglect or good cause can no longer be construed as a motion for an extension of time" to file a notice of appeal. *Leonard v. O'Leary*, **788 F.2d 1238, 1240 (7th Cir. 1986).** Further, the Seventh Circuit has stated that the fact that the petitioner is proceeding *pro se* does not warrant exception to the rule. *Id.* In the case at bar, Owoseni's late notice of appeal does not allege excusable neglect or good cause. It simply states that Owoseni made a harmless error. As a result, the Court finds that Owoseni's late notice does not allege excusable neglect or good cause so that it can be construed as a motion for an extension of time.

In the alternative, even if the Court could construe the late notice of appeal as a motion for an extension of time, the Court finds that the motion would be denied on the merits under Rule 4(a)(5). In order for this Court to extend Owoseni's appeal deadline, the Court, as stated previously, would have to find that Owoseni has demonstrated excusable neglect or good cause. Defendants argue that Owoseni's submission of the wrong caption does not amount to excusable neglect, that Owoseni is required to read every motion before he files it, and if he had done so, he would have realized his error. This Court agrees.

In *Cange v. Stotler and Co.*, **913 F.2d 1204 (7th Cir. 1990)**, the Seventh Circuit found that the district court therein had abused its discretion when it granted an extension of time to file a notice of appeal where the petitioner simply miscalculated the due date. The Seventh Circuit found that excusable neglect did exist as "[a] simple miscalculation [in the appeal deadline], rather than a plausible misconstruction of the law or rules, does not establish excusable neglect." *Cange*, **913 F.2d at 1212.** Comparably, Owoseni claims he simply mislabeled the caption. Owoseni does not state he somehow made a mistake in construing the law or appellate rules. As such, the

5

Court finds that such a simple mistake does not constitute excusable neglect in this Circuit so as to allow an extension of the appeal deadline. Accordingly, the Court **DENIES** Owoseni's "Late Notice of Appeal" (Doc. 60). This matter **REMAINS CLOSED.**

**IT IS SO ORDERED.**

**DATED this 3rd day of June, 2005.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**